**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **RYAN LEAMING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 07-0225-WS-C** |
| | ) | |
| **LIBERTY UNIVERSITY, INC.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Remand to State Court (doc. 4). The Motion has been briefed and is ripe for disposition at this time.

**I.      Background.**

Plaintiff Ryan Leaming initiated this action against defendants Liberty University, Inc., Frederick Koo Lee, and John Edwin Westfall by filing a Complaint in the Circuit Court of Mobile County, Alabama, on or about February 15, 2007. The Complaint alleged exclusively state-law claims of negligence in connection with an automobile accident that occurred in Prichard, Alabama on March 14, 2005. In particular, the Complaint alleged that Leaming was traveling as a member of Liberty's men's lacrosse team in a caravan of two 15-passenger vans driven by defendants Lee and Westfall, respectively, in the midst of a road trip playing lacrosse matches against other colleges when the two vans collided. According to the Complaint, the van in which Leaming was a passenger was then struck by an 18-wheel tractor-trailer, causing Leaming to sustain injuries. The Complaint, which did not quantify the compensatory damages sought, alleged that Leaming, Liberty, and Lee are all citizens of Virginia, and that Westfall is a citizen of Virginia or South Carolina.

On March 23, 2007, Liberty (and neither of the other two defendants) filed a Notice of Removal (doc. 1) in this District Court, predicating federal subject matter jurisdiction on diversity of citizenship, pursuant to 28 U.S.C. § 1332. Liberty did not quarrel with plaintiff's contentions that both Liberty and Lee are citizens of Virginia, but it vigorously disputed the Complaint's characterization that Leaming is also a citizen of Virginia. According to Liberty,

Leaming "is currently residing in Virginia as a student only, and therefore, has remained a citizen of the state of Kansas, his former domicile prior to attending Liberty University." (Notice of Removal (doc. 1), ¶ 6.)  With respect to the jurisdictional amount threshold, Liberty reasoned that the face of the Complaint renders it apparent that the amount in controversy exceeds $75,000, given the amount of medical expenses incurred and plaintiff's claims for past and future pain and suffering and past and future lost wages.  (*Id.*, ¶ 14.)  Attached to Liberty's Notice of Removal was evidence that defendant Lee had been served with process via certified mail on March 15, 2007, and that efforts to serve defendant Westfall with process had not been successful.  (Doc. 1, at Exhs. C & D.)

On April 16, 2007, Leaming filed a Motion to Remand (doc. 4) on the grounds that (a) removal was procedurally defective because defendant Lee had failed to join in the Notice of Removal; and (b) diversity of citizenship was lacking because Leaming is properly deemed a citizen of Virginia, just as defendants Lee and Liberty are.

**II.     Legal Analysis.**

*A.     Governing Standard.*

A removing defendant must establish the propriety of removal under 28 U.S.C. § 1441 and, therefore, must establish the existence of federal jurisdiction.  *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction."); *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand.  *See University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (explaining that strict construction of removal statutes derives from "significant federalism concerns" raised by removal jurisdiction); *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1333 (11th Cir. 1998) (expressing preference for remand where removal jurisdiction is not absolutely clear); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (uncertainties regarding removal are resolved in favor of remand); *Newman v. Spectrum Stores, Inc.*, 109 F. Supp.2d 1342, 1345  (M.D. Ala. 2000) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely

clear.").

**B.     *Procedural Issue.***

Plaintiff's first basis for seeking remand of this action to the Circuit Court of Mobile County is his contention that Liberty's removal violates the so-called unanimity requirement because Lee did not timely join in or consent to such removal.

"The unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal."  *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001); *see also Air Starter Components, Inc. v. Molina*, 442 F. Supp.2d 374, 377 (S.D. Tex. 2006) ("Under the unanimity rule, all properly served defendants must timely join in or consent to the removal."); *Frankston v. Denniston*, 376 F. Supp.2d 35, 38 (D. Mass. 2005) ("As a general matter, in cases involving multiple defendants, all defendants who have been served must join or assent in the removal petition.").  "Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of significant federalism concerns arising in the context of federal removal jurisdiction."  *Russell*, 264 F.3d at 1044.[1]  So ingrained is this requirement in federal removal jurisprudence that "[c]ourts now read the unanimity requirement into the statutory procedures for removal codified

_____

[1]      Any lack of unanimity in removal by defendants is a procedural, not a jurisdictional, defect.  *See Hernandez v. Seminole County, Fla.*, 334 F.3d 1233, 1237 (11th Cir. 2003) ("The failure to join all defendants in the petition is a defect in the removal procedure."); *In re Bethesda Memorial Hospital*, 123 F.3d 1407, 1410 (11th Cir. 1997) (same); *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990) (explaining that failure to join all defendants in removal petition is not a jurisdictional defect).  As such, any failure by the removing defendants to satisfy the unanimity requirement is waived as a basis for remand unless the plaintiff raises the defect within 30 days after removal.  *See, e.g., Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 516-17 (6th Cir. 2003) ("[T]echnical defects in the removal procedure, such as a breach of the rule of unanimity ... must be raised by a party within thirty days of removal or they are waived."); *Gordon v. Acrocrete, Inc.*, 400 F. Supp.2d 1310, 1311 n.1 (S.D. Ala. 2005) (because failure to satisfy unanimity requirement is procedural and therefore nonjurisdictional, it can be waived if plaintiffs fail to raise it in a timely motion to remand).  Liberty removed this action on March 23, 2007, and plaintiff raised the unanimity requirement as a purported defect in removal procedure in a Motion to Remand filed on April 16, 2007.  Clearly, then, Leaming has properly preserved and timely raised his contention that removal was defective for want of unanimous consent to removal among the properly named and served defendants.

at 28 U.S.C. § 1446(a)."  *Mulder v. Wilson*, 462 F. Supp.2d 1214, 1215-16 (M.D. Ala. 2006).

In short, the unanimity requirement provides that "each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30-day period prescribed in 28 U.S.C. § 1446(b)." *Diebel v. S.B. Trucking Co.*, 262 F. Supp.2d 1319, 1328 (M.D. Fla. 2003) (citation omitted); *see also Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) ("all defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days" after service of summons or other paper establishing basis for removal); *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) ("there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to" removal); *McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir. 1992) (explaining that "individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition"); *Newman*, 109 F. Supp.2d at 1345 (unanimity must be communicated to court within 30 days after service of initial pleading containing removable claim); *Miles v. Kilgore*, 928 F. Supp. 1071, 1076 (N.D. Ala.1996) (opining that remand is necessary "when one of the defendants fails to join in, file his own, or officially and unambiguously consent[] to, a removal petition within 30 days of service").[2]

To be clear, the rule "does not require that every defendant actually sign the same petition," but consent "must be expressed to the court within the thirty day period, whether by petition, written consent or oral consent."  *Clyde v. National Data Corp.*, 609 F. Supp. 216, 218 (N.D. Ga. 1985); *see also Esposito v. Home Depot, U.S.A., Inc.*, 436 F. Supp.2d 343, 345 (D.R.I. 2006) ("each defendant must independently manifest its consent to removal clearly and

---

[2]        Different courts have applied different triggering events as to when consent must be given.  Indeed, depending on which line of precedent one reads, consent must be provided within 30 days after: (a) the consenting defendant is served, (b) the first-served defendant is served, or (c) the removing defendant is served.  The critical point, however, is that all of these cases require unanimity of consent within a 30-day period measured by one of these yardsticks. None of these alternatives would affect the outcome here because Lee did not express to the Court his joinder in or consent to removal within 30 days after occurrence of any of them.

-4-

unambiguously to the Court within the 30 days allotted by the removal statute") (citation omitted).

Leaming's procedural argument is quite straightforward.  Plaintiff points out that the Notice of Removal was filed by defendant Liberty alone; indeed, the first sentence of the Notice begins, "COMES NOW the defendant, Liberty University, Inc.," with no indication or assertion that any other defendant was filing, consenting or joining in such Notice.  Leaming maintains that this oversight constitutes a procedural defect in removal, inasmuch as defendant Lee had been served with the summons and complaint on March 15, 2007, some eight days before removal, yet he did not express joinder in or consent to removal in a timely fashion.[3]

Faced with Leaming's timely objection to the removal procedure, Liberty and Lee do not contend that the unanimity requirement is invalid, that such requirement does not apply here, that Leaming waived this argument, that Lee's consent was unnecessary because he is a nominal party or was fraudulently joined or was not properly served with process prior to removal, or the like.  Instead, defendants' sole contention in response to plaintiff's unanimity objection is that this requirement is satisfied because defendant Lee is represented by the same counsel as defendant Liberty and because Lee has never objected to removal and agrees with the removal of this action.  (Defendants' Response (doc. 6, at 4).)  Neither aspect of this statement is persuasive.  That the same lawyers represent Liberty and Lee is a fact devoid of significance for removal purposes.  Whether through inadvertence or intentional omission, defense counsel

---

[3]     Defendant John Edward Westfall also did not join in the Notice of Removal. However, he had not been served with process at that time, and the law is clear that "a defendant that has not been served with process need not join in or consent to removal."  *GMFS, L.L.C. v. Bounds*, 275 F. Supp.2d 1350, 1354 (S.D. Ala. 2003); *see also Cramer v. Devera Management Corp.*, 2004 WL 1179375, *2 (D. Kan. May 27, 2004) ("It is well settled, though, that a defendant who has not been served need not join in or consent to removal."); *White v. Bombardier Corp.*, 313 F. Supp.2d 1295, 1299 (N.D. Fla. 2004) (removing defendant need not obtain consent from a defendant who has not been served with process); *Johnson v. Scimed, Inc.*, 92 F. Supp.2d 587, 589 (W.D. La. 2000) ("only those defendants who are properly joined and served must join in the notice of removal"); *Fuller v. Exxon Corp.*, 78 F. Supp.2d 1289, 1293 n.6 (S.D. Ala. 1999) (explaining that defendant need not join in removal if it had not been served with process at time of removal).  Accordingly, Westfall's failure to join in or consent to the Notice of Removal would in no way implicate unanimity concerns because he had not yet been served with process.

unambiguously filed the Notice of Removal solely on behalf of Liberty and not on behalf of Lee. The joint representation of both defendants by the same lawyers does not somehow transform the Notice of Removal filed by Liberty into an expression of consent or joinder in removal by Lee. *See generally Smith v. Health Center of Lake City, Inc.*, 252 F. Supp.2d 1336, 1340 & n.8 (M.D. Fla. 2003) (where notice of removal was signed by removing defendant's counsel only on behalf of that defendant, unanimity requirement was not satisfied even though such counsel also represented two other defendants, where those two defendants did not file separate written consent to removal and counsel did not sign notice of removal on their behalf).

Nor does defense counsel's statement in the brief opposing remand that Lee concurs with the removal of this action have any curative effect. Lee was served with process on March 15, 2007, yet his first manifestation of joinder in or consent to removal is set forth in defendants' brief opposing remand, filed on April 30, 2007, some 46 days post-service on Lee and 56 days after service on Liberty. This expression of consent is untimely and therefore unavailing to cure the procedural defect. *See, e.g., Daniel v. Anderson County Emergency and Rescue Squad*, 469 F. Supp.2d 494, 496-97 (E.D. Tenn. 2007) (where two defendants submitted written consents to removal 53 and 56 days after service, such notices were legally ineffective and could not correct the procedural defect of lack of unanimity).[4]

Although Liberty and Lee do not argue the point, district court precedent in this Circuit confirms that this defect is not ameliorated by Lee's filing of an answer in federal court within the 30-day period after service of process, where the answer was silent on whether Lee consented to removal. *See Diebel*, 262 F. Supp.2d at 1329 (failure of removal notice to satisfy unanimity requirement is not cured by non-removing defendant's filing of an answer within the

---

[4]     *See also Jones ex rel. Bazerman v. Florida Dep't of Children & Family Services*, 202 F. Supp.2d 1352, 1355 (S.D. Fla. 2002) (failure of defendants to consent to removal before expiration of 30 day period violates rule of unanimity and requires remand); *Newman*, 109 F. Supp.2d at 1346 (lack of consent by defendant within 30 day period violates unanimity rule, and late-filed consent does not cure the defect); *Holder v. City of Atlanta*, 925 F. Supp. 783, 785 (N.D. Ga. 1996) (deeming removal defective where individual defendants did not consent until more than 30 days after they were served and more than 30 days after removing defendant was served); *Brooks v. Rosiere*, 585 F. Supp. 351, 354 (E.D. La. 1984) (finding that removing defendants' failure to include individual defendant in removal petition could not be cured by retroactive consent).

30-day limit); *Holder v. City of Atlanta*, 925 F. Supp. 783, 785 (N.D. Ga. 1996) ("A defendant's answer that is silent on whether the defendant consents to removal does not constitute proper consent.").[5]  Nor would any attempt by defendants to amend their Notice of Removal outside the 30-day window to express Lee's consent be legally effective.  *See Diebel*, 262 F. Supp.2d at 1331-32 ("The absence of allegations that all defendants consent to removal is a substantive, rather than technical defect, and thus, the notice of removal may not be amended following the thirty day period to include such an allegation.") (citation omitted).

Simply put, then, the removal of this action suffers from a procedural defect in the form of lack of timely joinder or consent by all properly named and served defendants.  Plaintiff having timely raised this shortcoming, this action must be remanded to state court.[6]

C.      **Request for Attorney's Fees.**

In his Motion to Remand, plaintiff also requests an award of his attorney's fees incurred through the improvident removal of this action from state court, pursuant to 28 U.S.C. § 1447(c). That provision authorizes the court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  *Id.*  However, the Supreme Court has clarified that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005); *see also Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329-32 (11th Cir. 2006) (following *Martin* and finding no abuse of discretion in district court's refusal to award costs and fees where removal was objectively reasonable and there were no unusual circumstances).

The Court finds that Liberty's removal of this action to federal court was objectively

---

[5]      *But see Esposito*, 436 F. Supp.2d at 346 (acknowledging split of authority as to whether answer filed in district court post-removal provides the required manifestation of consent if the answer fails to articulate expressly such consent, opining that decisions on both sides of the issue are well reasoned and sensible, and reaching a different conclusion than *Diebel* and *Holder*).

[6]      In light of this determination, the Court need not reach the jurisdictional question of whether Leaming is properly deemed to be domiciled in Virginia or Kentucky for diversity purposes, because even if there were diversity of citizenship under 28 U.S.C. § 1332, remand would remain warranted pursuant to 28 U.S.C. § 1447(c) because of the procedural defect.

-7-

reasonable.  From a jurisdictional standpoint, Liberty had at least a plausible argument that the requirements of 28 U.S.C. § 1332 for diversity of citizenship were satisfied; indeed, jurisdictional discovery would almost certainly have been needed in order to ascertain conclusively whether Leaming is a citizen of Virginia for diversity purposes.  *See generally Slate v. Shell Oil Co.*, 444 F. Supp.2d 1210 (S.D. Ala. 2006) (noting use of jurisdictional discovery as to a party's domicile in an analogous context).  Although Liberty's removal of this case to federal court was ultimately unsuccessful, its jurisdictional theory cannot be said to have been objectively unreasonable.  Nor will the Court further penalize defendants for their procedural misstep by tacking an award of attorney's fees and costs onto their defeat in litigating the Motion to Remand.  Accordingly, plaintiff's request for attorney's fees under § 1447(c) is **denied**.

**III.   Conclusion.**

For all of the foregoing reasons, the Court finds that removal of this case to federal court was defective because it lacked unanimity of consent or joinder of defendants, as required by 28 U.S.C. § 1446(a).  Plaintiff timely objected by moving to remand the case to state court.  Accordingly, the Motion to Remand (doc. 4) is **granted**.  This action is **remanded** to the Circuit Court of Mobile County, Alabama pursuant to 28 U.S.C. § 1447(c), for further proceedings.  Plaintiff's request for an award of just costs and actual expenses, including attorney's fees, incurred as a result of the removal is **denied**.

DONE and ORDERED this 31st day of May, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE